277 P.2d 244

Russell C. SWATZELL, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst, and F. A. Nathan, members of The Industrial Commission of The State of Arizona; and Navajo Tribal Sawmill, and Navajo Tribal Council, Respondents.

No. 5926.

Supreme Court of Arizona.

Nov. 29, 1954.

H. S. McCluskey, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, John R. Franks and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

No appearance for respondent employers.

UDALL, Justice.

This is a "no insurance" case. Petitioner, Russell C. Swatzell, invoked the remedy afforded under the provisions of Section 56–947, A.C.A.1939, which prescribes the liability of an employer failing to comply with the Arizona Workmen's Compensation Law, Art. 9, Chapter 56, A.C.A. 1939, as amended, and more particularly Section 56–932 thereof. Respondent, the Industrial Commission of Arizona, acting in its quasi-judicial capacity, concluded that it was without jurisdiction in the premises and entered an award dismissing petitioner's claim for compensation. By certiorari its action is brought before us for review.

The pertinent facts from which the claim arose are not in dispute. Petitioner Swatzell, a white man, went to work on May 20, 1946, as "woods superintendent" in a timber enterprise known as the "Navajo Tribal Sawmill" located on the Defiance Plateau within the boundaries of the Navajo Indian Reservation in Apache County, Arizona. He was hired at a salary of $300 a month through Frank L. Carter, Project Superintendent of this enterprise, with the consent and approval of Superintendent Stewart who was then in charge of the Navajo Agency at Window Rock, Arizona, which is under jurisdiction of the Bureau of Indian Affairs, U. S. Department of the Interior. Petitioner and other similar workmen on this enterprise were not under civil service nor were they otherwise directly employed by the U. S. Government. They were paid not from moneys appropriated by the Congress but by government checks drawn on tribal funds received from the sawmill operations.

Counsel for petitioner maintains that these employees were not insured or covered under the Federal Employees Compensation Act.

Petitioner, on October 1, 1946, while in the course of this employment, slipped and fell while carrying a portable power saw, suffering therefrom a lower back injury. He was immediately given treatment at the Government Indian Hospital at Ft. Defiance, and when released three days later he went back to work. His wages continued during this short disability period and it appears that there was some type of insurance with a private carrier—which was not workmen's compensation insurance. According to petitioner he reluctantly accepted payment of $43.74 from the Western Adjustment Bureau upon their assurance that it would not prejudice his subsequent rights in the matter.

Petitioner continued in this work until February 24, 1951, when he entered other employment for a time and later acquired a half interest in "a little dirt moving outfit", thus becoming self-employed. The claim for compensation states he suffered occasional pain in his back but was able to work regularly, until early February of 1953, when he suffered such pain and disability from his injured back that on February 24th he was forced to cease work altogether and he has not worked since. He did not sustain any further injury subsequent to October, 1946. A physician was consulted and his condition diagnosed as a "protrusion of a degenerated intervertebral disc, with impingement of the fifth nerve root on the right."

An application for compensation based upon the original injury was filed with the respondent Commission some six years and seven months after the accident occurred and long after termination of the employment with alleged employer. In following this course the petitioner waived his right to sue his employer, the relief prayed being a compensation award that might be docketed as a judgment with the Clerk of the Superior Court.

The findings made as a basis for denial of compensation may be summarized as follows:

1. That the injury alleged became manifest immediately after it occurred on October 1, 1946, and that no claim was filed within the statutory period of limitation.

2. That there was no causal connection between the 1953 disability of petitioner and the injury allegedly suffered in 1946.

3. That at the time of injury petitioner was employed by an "agency or instrumentality" of the United States.

4. That the alleged employer had no compensation insurance contract under the terms of the Arizona law.

5. That there was no jurisdiction in the Commission to adjudicate the claim.

Unless there be error in the conclusion of the respondent that it was without jurisdiction to adjudicate this claim we need not concern ourselves with the correctness of findings concerning causation and limitation. The fact that the injury occurred on the Navajo Indian Reservation is merely incidental and in nowise determinative of the propriety of that conclusion. As we pointed out in decisions rendered in cases of Harrison v. Laveen, 67 Ariz. 337, 196 P.2d 456, and Begay v. Miller, 70 Ariz. 380, 222 P.2d 624:

" * * * Indian reservations in Arizona are within political and governmental boundaries of the state, and limitations on state's jurisdiction in Enabling Act apply only to Indian lands considered as property, *but do not withdraw territorial area from sovereignty of state and control of its laws.*" [67 Ariz. 337, 196 P.2d 458.] (Emphasis supplied.)

Therefore, in order to resolve the jurisdictional question we are presented with only two problems: (1) Was there evidence to support the finding that petitioner was employed by "an agency or instrumentality" of the United States, and (2) is such an employer bound by the provisions of the Arizona Workmen's Compensation Act?

It is well established that one seeking the relief provided under our workmen's compensation law has the burden of establishing the requisite jurisdictional facts. Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488. We believe the conclusion inescapable that petitioner, although not a civil service employee, was an employee of an "agency or instrumentality" of the United States at the time the injury in question occurred. According to petitioner himself the "Indian Forest Service", which is a branch of the Bureau of Indian Affairs, U. S. Department of the Interior, supervised his work until 1949 when "the tribe took over". Petitioner admitted that at all times his immediate superior was Carter, who testified that he himself was answerable, not to the tribe or tribal council, but at first to the Reservation Superintendent and later to civil service employees of the Bureau of Indian Affairs, Resources Department.

We are at a loss to understand why the Navajo Tribal Council is named as one of the respondent employers, as the record clearly shows that at the time of petitioner's injury the timber enterprise was not being operated by the tribe.

It should be noted that Carter and others connected with the sawmill operation who testified were under instructions from the Solicitor of the Bureau of Indian Affairs that the respondent Commission had no jurisdiction over them, that they were not to produce subpoenaed records, and that they were to attend the hearing as a courtesy and not to appear in their official capacities.

■ We hold the record sustains the Commission's finding that petitioner's employer was an "agency or instrumentality of the United States".

■ The second problem presented is: must this employer provide coverage for its employees under our workmen's compensation laws and upon failure to do so may its liability be enforced by the entry of an award against it? The Constitution of Arizona, Article 18, § 8, provides in part:

"The legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in *all public employment whether of the state, or any political subdivision or municipality thereof* as may be defined by law and in such private employments as the legislature may prescribe * * *."

In obedience to this mandate the legislature enacted such a law. Session Laws 1945, Ch. 33, section 1 (now appearing as Section 56–928, A.C.A.1939, 1952 Cum. Supp.), enumerates employers who are subject to the law, viz.:

"(a) Employers subject to the provisions of this article are: 1. the state, 2. each county, city, town, municipal corporation, and school district, and, 3. every person who has in his employ three (3) or more workmen or operatives regularly employed in the same business or establishment, under contract of hire * * *."

See also 1949 S.L. Ch. 76 (now appearing as Section 56–929, A.C.A.1939, 1952 Cum. Supp.), defining "employees". It is to be noted that state and not federal entities are enumerated nor can any comfort be taken from use of the word "person", for this is defined in Section 1–103, sub. 3, A.C.A. 1939, as

"* * * the word 'person' includes a corporation, company, partnership or association, or society as well as a natural person; * * *."

Furthermore, liability upon failure to provide insurance coverage may be enforced by the method here invoked only against "Employers subject to" the Act. Section 56–947, A.C.A.1939, supra.

■ Petitioner asserts that in times past the Commission has issued policies of insurance to various Indian enterprises including that of the Navajo Tribal Sawmill, and that its present position that it is without jurisdiction to adjudicate the claim in the instant case is inconsistent with this fact. It appears that the Tribal Sawmill policy was not issued until December 15, 1951, and cancelled for nonpayment of premiums some nine months thereafter. Respondent's reply, with which we agree, is that in the exercise of powers granted by the legislature, the Commission may contract with employers who are not within the mandatory provisions of the Act, and that the contracts with the various Indian tribes were made in the exercise of this

power, the tribes being authorized under Section 123a, Title 25, U.S.C.A., as amended August 2, 1946, 60 Stat. 852, to enter into contracts of insurance such as these and pay premiums thereon without an appropriation by Congress.

▮▮ Petitioner asserts that in the instant case compensation under Arizona law is authorized by Title 40 U.S.C.A., § 290, which provides that State commissions shall have the authority to apply their workmen's compensation acts to all "lands and premises owned or held by the United States of America by deed or act of cession," within the boundaries of the state in question. With this assertion we cannot agree. It is often held or stated that "general acts of Congress do not apply to (Indian Activities), unless so worded as clearly to manifest an intention to include them in their operation." McCandless v. United States ex rel. Diabo, 3d Cir., 25 P.2d 71, and cases there cited. Certainly the wording of this Act does not clearly manifest an intention to include Indian activities within its operation. An examination of Senate Committee Report accompanying this Act, S.R. No. 2294, 74th Congress, 2d Session, reveals that such was not the intention of the Congress. Rather, it there appears that:

"The purpose of the amended bill is to fill a conspicuous gap in the workmen's compensation field by furnishing protection against death or disability to laborers and mechanics *employed by contractors* or other persons on Federal property. The United States Employees' Compensation Act covers only persons *directly employed* by the Federal Government." (Emphasis supplied.)

Finally, we cannot see how the "twilight zone" rule as to presumption of coverage laid down in the case of Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, has any application to the problem presented in this case.

▮ We are of the opinion that, under the peculiar facts here presented, the petitioner is not entitled to the benefits of the Arizona Workmen's Compensation law for the reason that under the Act as written his employer at the time of injury is not included as one of those required to comply with its provisions and hence the Commission had no jurisdiction to adjudicate the claim of petitioner.

Award affirmed.

PHELPS, C. J., and STANFORD, LA PRADE, and WINDES, JJ., concurring.