521 P.2d 1005

James L. E. JANIS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

J. W. J. Contracting Company, Respondent Employer,

The Home Insurance Company, Respondent Carrier.

No. I CA–IC 950.

Court of Appeals of Arizona, Division 1, Department B.

April 30, 1974.

Rehearing Denied June 5, 1974.

Review Denied June 18, 1974.

Rabinovitz & Minker, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondents carrier and employer.

EUBANK, Judge.

We issued our writ of certiorari to review the findings and order of the Industrial Commission which dismissed the petitioner's (claimant) "Petition for Review" because it was not timely filed.

The claimant raises two contentions on appeal, (1) that the dismissal of the "Petition for Review" was improper, and (2) that the award of the hearing officer was not supported by the law and the evidence.

It is clear that if the claimant prevails on his first contention the case must be remanded to the Commission in order for it to conduct the appropriate review, while, on the other hand, if the Commission's dismissal was proper the hearing officer's award has become final and "res judicata". A.R.S. § 23–942.D. In either event the second question need not be considered at this time.

The pertinent facts are as follows: On September 22, 1972, the hearing officer issued a decision in claimant's claim finding that a portion of claimant's injuries and expenses were industrially related and compensable; however, the hearing officer found that claimant's gastritis and duodenitis were not related to his industrial injury. The award contained a 30-day clause informing the claimant that failure to make a written request for review within 30 days rendered the award final. On September 22, the same day as the award, the claimant mailed a letter to the Commission which was evidenced only by the envelope in the Commission file since the letter itself had disappeared from the file sometime thereafter. The contents of this letter are uncertain and in dispute. On October 3, 1972, the claimant mailed another letter to the Commission which contained Xerox copies of letters, dated October 2, 1972, and September 22, 1972, previously sent to The Home Insurance Company, the respondent carrier. The October 2 letter to Home Insurance stated that the claimant was enclosing a copy of a September 22 letter which he had sent to Home Insurance but which he understood they had not received. He further added that he wanted quick action on his request to see another doctor and that "over a month is too long to wait for help when a person is in so much pain— + being forced to work on top of my problems isn't right." The copy of the September 22 letter to Home was a protest of his "release for regular duty" by one of his attending physicians, as well as a plea for Home Insurance to quickly decide his request to see another doctor so that his pain might be alleviated. (It is uncertain

as to whether the contents of this September 22 letter to Home Insurance are the same or substantially the same as that of the letter mailed on the same day to the Commission which subsequently vanished from the file). On October 18, 1972, a claims examiner from the Industrial Commission wrote to the claimant acknowledging receipt of his letters of September 22 and October 2. The examiner stated that a review of the file did not show that the claimant had been released to "regular work" but in fact only to "light duty." She further stated that the claimant's request to change doctors had been referred to the proper department for processing. On October 28, the claimant wrote to the Commission stating "I wish to protest the findings on Case No. 1/4–23–56, Carrier No. 671C 543,962." This protest, mailed 36 days after the decision of the hearing officer, was found to be untimely by the Industrial Commission. *See* A.R.S. § 23–942.D.

■ Petitioner contends that he appeared as a layman without legal representation at the hearing and "that his letter of October 2, 1972, when read with his October 28, 1972, letter, should be construed as a Petition for Review timely filed." This argument is based on Mountain States Telephone & Telegraph Co. v. Industrial Commission, 96 Ariz. 72, 392 P.2d 28 (1964). In Mountain States, the petitioner argues, the petitioner sent a letter to the Commission timely requesting review and the necessary forms. The forms were sent him but were not timely filed by the petitioner and our Supreme Court ruled that since the letter was timely filed the motion for rehearing was timely filed in substance if not in form. However, the situation here is different. The October 2, 1972 letter, when read in conjunction with the October 28, 1972 letter has no relationship with the other insofar as we can see. The October 2 letter requests that the carrier act upon the August request of Dr. Geodecke that the petitioner be seen by another doctor because he was "in so much pain". The October 28 letter protested the "findings"

and is within the rationale of Mountain States. In any event this is of no assistance to the petitioner since it does not constitute a timely filing.

■ Petitioner next contends that "he protested the findings of the hearing officer in his September 22, letter to the Commission, although there is no evidence of that because the letter was not retained in the file." This allegation was made for the first time in petitioner's opening brief filed in this Court. There is no evidence in the record, whatsoever, that such was the case. Furthermore, there is no attempt by the petitioner, by supporting affidavit or otherwise, to make a record supporting this allegation before the Commission or in this Court. Unfortunately, as alluded to above, the September 22 letter is not in the file, so the question is: Who has the burden of establishing jurisdictional facts when the issue is raised? Clearly the petitioner does. McCormick v. Industrial Commission, 96 Ariz. 88, 392 P.2d 299 (1964); Swatzell v. Industrial Commission, 78 Ariz. 149, 277 P.2d 244 (1954). We hold that the bald allegation that the September 22 letter was a request for rehearing is not sufficient.

The record does raise inferences that bring into question the veracity of this contention: First, the petition for certiorari does not raise this contention but relies solely on the "October 3, 1972" letter as "sufficient to continue jurisdiction in the Industrial Commission"; Second, the findings and award were mailed to the petitioner by certified mail on September 22, 1972, and it is beyond our belief that a letter mailed in the postal service would be delivered and answered on the same day; Third, the copy of the September 22, 1972 letter in the file makes no reference to a review; Fourth, the file reveals that the petitioner had personally filed a request, for a hearing on May 31, 1972, which led to the August 29, 1972 hearing, and consequently it is clear that he was not totally unfamiliar with Commission procedure; Fifth, petitioner's October 28, 1972 letter

states, "I wish to protest the findings on Case No. 1/4–23–56, Carrier No. 671C 543,962", and such a "protest" would have been unnecessary if he had filed one on September 22; finally, the claim examiner's letter to the petitioner on October 18, 1972, makes mention of the claimant's two letters only in terms of his protest of release to regular work and his request for another doctor. No mention is made of any protest of the award and neither of the inquiries mentioned concern in any way the September 22, 1972 award.

■ Petitioner next contends that he "should not be held to a strict reading of the 30-day requirement of A.R.S. § 23–942" because he was under heavy medication at all times. There is nothing in the record or filed in this Court that supports this contention.

■ Finally, claimant argues that the 30-day time period for protest is not mandatory and that under appropriate circumstances a late filing can still give the Commission jurisdiction. He relies on Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972), wherein our Supreme Court engrafted another exception onto the strict res judicata effect of untimely protests of awards. In Parsons the injured workman had received a notice of claim status terminating industrial benefits at a time when he was "in the position of not knowing whether he still had symptoms connected with his industrial accident." Since his lack of knowledge continued past the 60-day protest period, the court held that his late protest, filed a short time after he learned of his condition, was in fact timely. Since Parsons, this department of Division 1 in considering late filing type cases has consistently held that a claimant's *lack of knowledge* of his condition is a prerequisite to the application of the equitable Parsons exception to res judicata. Taylor v. Industrial Commission, 20 Ariz. App. 46, 509 P.2d 1083 (1973); *see* Garcia v. Industrial Commission, 20 Ariz.App. 145, 510 P.2d 1050 (1973). *But see,* Trull v. Industrial Commission, Department A, 21

Ariz.App. 511, 520 P.2d 1188 (filed April 16, 1974). Since no contention or record was made in the present appeal that the claimant's lack of knowledge as to the nature of his disability prevented his filing of a protest within the statutory 30-day period, we cannot find that a "prima facie" case exists for the application of the Parson's exception. *See* Taylor v. Industrial Commission, *supra.*

Accordingly, we find that the Industrial Commission properly dismissed the claimant's "Petition for Review" for lack of jurisdiction.

HAIRE, P. J., and JACOBSON, C. J., Division 1, concur.