551 P.2d 66

James L. E. JANIS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

J. W. J. Contracting Company, Respondent Employer,

Home Insurance Company, Respondent Carrier.

No. I CA–IC 1394.

Court of Appeals of Arizona, Division 1, Department C.

June 22, 1976.

Rehearing Denied July 27, 1976.

Review Denied Sept. 14, 1976.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

## OPINION

HAIRE, Chief Judge.

This workmen's compensation matter has had a lengthy history in administrative adjudication by the Industrial Commission of Arizona and the appellate courts of this state.

In 1972 the petitioner filed a claim for workmen's compensation benefits for injuries sustained on three separate occasions: October 1971, February 1972 and April 1972. The first two injuries involved his back and are not in dispute on this review. The third injury involved abdominal problems, and is the subject of this review. On May 24, 1972, a notice of claim status was issued which, while granting certain benefits, denied medical benefits for petitioner's esophagal hiatal hernia and cholecystitis. Petitioner thereafter filed a request for hearing which was held in August 1972, and the hearing officer on September 22, 1972 issued his decision which awarded benefits for petitioner's other injuries, but denied benefits for his abdominal problems. Thereafter petitioner mailed letters to the Commission which he subsequently contended should have been considered as a timely request for review. The Commission denied petitioner's letter request for review, stating that it was not timely filed and that therefore the Commission lacked jurisdiction under A.R.S. § 23-943.[1]

Petitioner then applied to the Court of Appeals for a writ of certiorari to consider whether the request for review should have been granted, and whether the facts supported the denial of benefits for his abdominal problems. The Court of Appeals issued its decision, *Janis v. Industrial Commission*, 21 Ariz.App. 547, 521 P.2d 1005 (1974) affirming the dismissal of the request for review without reaching the merits of the case. The Arizona Supreme Court granted review and vacated the decision of the Court of Appeals, *Janis v. Industrial Commission*, 111 Ariz. 362, 529 P.2d 1179 (1974), on the basis that the Commission erred in holding that it lacked jurisdiction to consider whether the untimely filing of the request for review should have been waived. On remand to the Commission, the hearing officer limited the hearing to the issue of whether the late filing was to be excused under the test set forth in the Supreme Court's decision. He found that the untimeliness should be waived and made this recommendation to the Commission. The Commission accepted the recommendation and then proceeded to consider the petitioner's original request for review. A "Decision Upon Review Affirming Decision Upon Hearing and Findings and Award for Compensable Claim" was then issued, essen-

---

1. Citation herein is to A.R.S. § 23–943 prior to its amendment by Ch. 133, § 21 [1973] Ariz. Laws 936.

tially affirming the decision and award previously entered on September 22, 1972.

Petitioner is now before this Court asserting first that the decision below should be set aside on the basis that the medical evidence established that his abdominal problems were causally related to his earlier industrial injuries. His second assertion is that the hearing officer erred in limiting the hearing on remand to the jurisdictional issue of waiver of the late filing, and should have allowed a full hearing *de novo* for presentation of evidence on the merits of his case.

We first consider whether the hearing officer erred in limiting the hearing on remand to the question of whether the late filing of the employee's request for review should have been waived. Petitioner rightfully contends that generally when an award of the Commission is set aside, the winning party is entitled to a new evidentiary hearing relating to the merits of the issues involved in the award set aside, and from this premise argues that he should have been given a new evidentiary hearing on the issue of whether his abdominal problems were causally related to the industrial injury. The fallacy in petitioner's reasoning is that the question before the Arizona Supreme Court in its prior opinion was whether the Commission had erroneously entered its decision *dismissing the request for review*, and it was on that decision that the Arizona Supreme Court remanded the matter for a hearing of the merits of the reason for the delay. We can find nothing in the Arizona Supreme Court's prior decision to indicate that it intended to set aside the prior award on the merits of the causation issues, since such issues are not even discussed in the opinion. Petitioner has had his hearing on the merits of the reasons for the delay, and in fact, after a finding by the hearing officer on this issue in his favor, the Commission has now proceeded to consider the petition for review on the causation merits which is what petitioner sought, and all he would have been entitled to, in the

first instance. We hold that the hearing officer did not err in refusing to allow the petitioner to have a new hearing and introduce new evidence on the medical causation issues.

Considering now the merits on the causation question, petitioner contends that there is no conflict in the medical evidence as to the causal relationship between petitioner's prior undisputedly industrially-related back injuries and his subsequent abdominal condition. In this vein, petitioner states that of the two physicians who testified on this issue, only Charles Ganzer, D. O., had an opinion on the question, whereas Jerry Sowers, D. O., had no opinion. The testimony of Dr. Sowers, which petitioner characterizes as "no opinion" is, in part, as follows: Question (by hearing officer):

". . . do you have an opinion which you can state with reasonable medical probability as to whether the condition you found was related to his industrial accident?"

Answer (by Dr. Sowers):

"I can't relate the two."

On the other hand, the following is the testimony of Dr. Ganzer, which petitioner contends establishes the necessary causal connection:

"Q. (By the Hearing Officer.) Doctor, accepting what I've told you as so [a lengthy hypothetical] I'm asking you, do you have an opinion, based on a reasonable medical probability, as to whether the physical condition that you found was related to his industrial episode?

"A. Are you asking me if there's a probability, I'm not sure that I can answer that. I think there's a definite possibility that the type of condition that Mr. Janis was suffering from when I treated him, can be produced or certainly aggravated, if present, by any type of strain, whether physical or emotional, which could have resulted not only from the injury, but the resultant treatment necessitated by that injury.

"Now, whether or not it's probable, I can't say. That depends a lot on the emotional makeup of the given individual. Some people don't seem to be bothered by physical or emotional stress as much, other people are bothered very easily. So, I think it's—I think it's impossible to say whether one produced—produced the other. But I think it's definitely possible to say that one definitely can produce the other."

And further:

"Q. (By Mr. Moeller): So, it's your opinion today that the cause of this gastritis and duodenitis is unknown, but there is a possibility that it was caused by stress from the injury and operation?

"A. Yes, I would say that's essentially correct.

"Q. And you say this as opposed to a probability which would mean that it was more probably caused by this than anything else?

"A. Now we're getting down to what—and I honestly can't say. I couldn't quote you any kind of meaningful statistics at all, but what the probability is that the condition was produced by condition A, or the result of treatment for condition A. I simply think there are no statistics which would tell us that.

"There are far too many variables involved. I think there's—there is no doubt in my mind that condition B could have been produced by condition A, but whether it did or didn't, I and no one else on this planet that I know of, could say with any—with any certainty."

 Whereas medical evidence of a less than absolute or definite nature may be of some probative value and considered in conjunction with all other relevant evidence, *State Compensation Fund v. Industrial Commission*, 24 Ariz.App. 31, 535 P.2d 623 (1975), when medical evidence peculiarly within the realm of scientific knowledge is stated purely in terms of possibilities, that evidence is insufficient to sustain the claimant's burden of proof. *Brown v.*

*Industrial Commission*, 20 Ariz.App. 486, 513 P.2d 1369 (1973); *Russell v. Industrial Commission*, 98 Ariz. 138, 402 P.2d 561 (1965).

We have reviewed the medical evidence presented by Drs. Ganzer and Sowers. Viewing it in a light most favorable to sustaining the award of the Commission, *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972), we cannot say that the Commission erred in reaching its decision.

Award affirmed.

EUBANK, P. J., and NELSON, J., concur.