Rhonda HEMBA, Wife of and Joel O. Hemba, Plaintiffs-Appellants,

v.

FREEPORT McMORAN ENERGY PARTNERS, LTD., Defendant,

v.

FREEPORT SULPHUR CO., A Delaware Company, Defendant-Appellee,

v.

LEE C. MOORE CORP., Defendant-Appellant.

No. 86–3461.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1987.

Brian J. Miles, Adams & Reese, Mark J. Spansel, New Orleans, La., for Lee Moore.

Stephen M. Chouset, Metairie, La., Pete Lewis, Lewis & Caplan, New Orleans, La., for Hemba.

Joseph R. Ballard, Christovich & Kearney, Lawrence J. Ernst, New Orleans, La., defendant-appellee.

Before THORNBERRY, GEE, and REAVLEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiffs Joel and Rhonda Hemba filed this action under the Jones Act (46 U.S.C. § 688) against Freeport Sulphur Company ("Freeport") and others seeking damages for injuries suffered by Joel Hemba while working on an offshore structure known as Freeport Rig No. 5.[1] Freeport moved for summary judgment, arguing that Hemba did not come within the definition of a seaman under the Jones Act because the Freeport Rig cannot qualify as a vessel. The district court agreed and granted summary judgment in favor of Freeport. Because we agree with the district court's conclusion regarding the status of the rig, we affirm the district court's disposition.

This circuit has noted that the question of seaman status under the Jones Act is generally a factual issue best left to resolution by a jury. *Ardoin v. J. Ray McDermott and Co.*, 641 F.2d 277, 280 (5th Cir. Unit A 1981). Nonetheless, summary judgment is appropriate when the "undisputed material facts establish beyond question as a matter of law the lack of seaman status." *Reynolds v. Ingalls Shipbuilding Div., Litton Systems, Inc.*, 788 F.2d 264, 267 (5th Cir.1986). In the present case, the district court concluded that Hemba could not be a seaman because the rig did not qualify as a Jones Act vessel. *See, e.g., Bernard v. Binnings Construction Co.*, 741 F.2d 824, 828 (5th Cir.1984) ("The existence of a vessel, as a fundamental prerequisite to Jones Act jurisdiction, is central to the test of seaman status.").

On appeal, this court must review the evidence before the district court to determine whether the record reveals evidence from which reasonable minds could draw conflicting inferences. *Id.* Summary judgment is proper if the record reveals no evidence upon which a reasonable person could conclude that the Freeport Rig No. 5 qualifies as a Jones Act vessel.

In determining what is a vessel, this court considers the purpose for which the craft is constructed and the business in which it is engaged. *Blanchard v. Engine and Gas Compressor Services, Inc.*, 575 F.2d 1140, 1142 (5th Cir.1978). The term has been broadly applied to structures designed or utilized for "transportation of passengers, cargo or equipment from place to place across navigable waters." *Cook v. Belden Concrete Products, Inc.*, 472 F.2d 999, 1002 (5th Cir.), *cert. denied*, 414 U.S. 868, 94 S.Ct. 175, 38 L.Ed.2d 116 (1973). Even with the aid of this broad definition, the Freeport Rig No. 5 does not qualify as a vessel.

This court's decision in *Blanchard* provides guidance for our analysis. In that case, the court refused to categorize a gas compression building mounted on submersible barges as a vessel. The court noted:

---

1. This rig is engaged in the exploration and production of mineral resources.

Gulf ... did not intend to move these structures on a regular basis, as is done with submersible drilling rigs. Indeed, [the gas compression structure] that rested on a steel barge had not been moved since it was installed in 1952. Gulf personnel now doubted that it could be refloated after 20 years of erosion.... As another indication of the permanent nature of the submerged barges, they did not carry navigation lights or equipment, lifeboats or any lifesaving gear, nor were they registered with the Coast Guard as vessels.

*Blanchard,* 575 F.2d at 1147.

■ As the district court noted in its opinion from the bench, the Freeport Rig No. 5 resembles the *Blanchard* structure. The rig was not intended to be moved on a regular basis. Indeed, it had been moved only twice in the past twenty years and any further movement is of dubious feasibility. The structure is attached to the gulf bottom by pilings driven two hundred feet into the seabed. The rig has no navigation lights or lifesaving gear, nor is it registered with the Coast Guard as a vessel. Moreover, the rig contains no galley area or crew quarters. The presence of the rig in the gulf and its past experience with flotation cannot magically imbue the structure with vessel status.[2]

The district court properly concluded, on the record before it, that the Freeport Rig No. 5 did not meet the definition of a vessel under the Jones Act. The judgment of the district court is therefore

AFFIRMED.

---

2. The unpublished opinion by this court in *Alcazar v. Freeport Sulphur Co.,* No. 83–3251 (5th Cir.1985) (unpublished opinion) [779 F.2d 680 (table) ] cannot create vessel status either. In *Alcazar,* the court upheld a jury verdict concluding that the Freeport Rig was not a vessel. The plaintiffs call to this court's attention a footnote in that case in which the court states, "[t]his court in no way suggests that in the instant case the jury could not have properly found that the [the rig] was a Jones Act vessel." (Op. at 6, n. 3). According to the plaintiffs, this footnote requires this court to conclude that a fact question exists as to the vessel status of the rig.

This argument confuses and misstates the impact of the footnote. The court did not "hold" that a fact question existed as to the status of the rig in all cases. Indeed, the court's *holding* was limited to a finding that substantial evidence existed to support the jury's conclusion that the rig was *not* a vessel. The footnote merely reflects a passing comment by the court that, on the record presented in that particular case, the rig's non-vessel status was not established as a matter of law. The statement does not foreclose the district court in the present case, on the record developed by the parties, from concluding that the rig was not a vessel as a matter of law.