Robert JOHNSON

v.

ODECO OIL & GAS CO., INC., et al.

Civ. A. No. 86–5026.

United States District Court,
E.D. Louisiana.

Nov. 23, 1987.

Robert B. Keaty, Kerry E. Sheilds, Keaty & Keaty, New Orleans, La., for plaintiff.

James H. Daigle, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for defendants.

## ORDER AND REASONS

PATRICK E. CARR, District Judge.

The Motion of Defendants, Odeco Oil & Gas Co., Inc.; Ocean Oil & Gas Co.; Murphy Oil U.S.A., Inc.; Sun Operating Limited Partnership; Phillip's Petroleum Co.; and Pelto Oil Company, for Summary Judgment and Plaintiff, Robert Johnson's, Motion to Remand was heard on Wednesday, September 16, 1987. After considering the motions, memoranda of the parties, the record and the law applicable to this case, the Court hereby renders its Order and Reasons.

The plaintiff, Robert Johnson, has brought this suit for personal injury damages which arose from the collapse of the offshore OBM # 1 platform on October 27, 1985, in the wake of Hurricane Juan. At the time of the accident, the plaintiff was employed by defendant, Odeco Oil & Gas Co., which owned and operated the OBM # 1. Adjacent to the OBM # 1 was a header platform which was owned and operated by the defendants, Ocean Oil & Gas Co.; Murphy Oil U.S.A., Inc.; Sun Operating Limited Partnership; Phillip's Petroleum Co.; and Pelto Oil Co. The plaintiff claims that the collapse of the header platform during the hurricane, which caused explosions that injured the plaintiff, was due to the negligence of the defendants in maintaining and repairing the platform.

The plaintiff alleges that his injuries were sustained while employed as a seaman. The plaintiff also alleges that the OBM # 1 is a vessel which, due to its unseaworthiness, caused the injuries sustained by the plaintiff. In addition, plaintiff claims that the willful and wanton misconduct of his employer, Odeco Oil & Gas, in not evacuating the employees of the OBM # 1 before Hurricane Juan hit, constituted an intentional tort.

The plaintiff initially brought this suit in the Civil District Court for the Parish of Orleans, State of Louisiana on October 3, 1986. The case was removed to the Federal District Court for the Eastern District of Louisiana in November, 1986.

The plaintiff seeks to remand the case to state court asserting that it was improperly removed since it was filed as a Jones Act case.

■ In the recent Fifth Circuit case of *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir.1987), the court, sitting *en banc*, held that the statutory bar to removal of a Jones Act claim may be waived if the plaintiff fails to object timely and participates in the conduct of the action in the federal forum. The present action was removed to federal court in November, 1986. Almost one year later, in September, 1987,

the plaintiff brings a motion to remand. During this time period the plaintiff made no objection to the removal, participated in discovery and filed an amended complaint adding defendants to this litigation. Due to the plaintiff's failure to timely object to the removal and his participation in the case in the federal court, the plaintiff has waived his right to remand the case to State Court.

The above named defendants seek summary judgment on several grounds: (1) the OBM #1 is not a vessel for Jones Act purposes, thus, the plaintiff is not a seaman; (2) since the accident occurred on the Outer Continental Shelf (OCS), the plaintiff's sole remedy against his employer is the Longshoremen's and Harbor Worker's Compensation Act (LHWCA); and (3) the defendants who own and operate the header platform are joint employers of the plaintiff.

■ Special purpose structures, such as movable drilling rigs, have been found to be vessels for purposes of the Jones Act. *Bernard v. Binnings Construction Co., Inc.,* 741 F.2d 824, 829 (5th Cir.1984). In *Bernard,* the court enunciated certain objective features the courts must look to in determining whether a structure is intended to be transportation across navigable waters. "These features include: (1) Navigational aids; (2) raked bow; (3) life boats and other lifesaving devices; (4) bilge pumps; (5) crew quarters; and (6) registration as a vessel with the Coast Guard." *Id.* at 832 n. 25.

In *Hemba v. Freeport McMoran Energy Partners, Ltd.,* 811 F.2d 276 (5th Cir.1987), the structure involved was found not to be a vessel in navigation. There, the structure was constructed on land and towed to its location and sunk in the seabed. Eight years later the structure was relocated by deballasting and cutting the welding. The OBM #1 was built on land and towed to its present location in 1961. The OBM #1 has not been relocated since it was fixed in place twenty-six years ago. The OBM #1 is used as a production platform and oil storage facility. Although the OBM #1 has crew quarters and life saving equipment, the OBM #1 does not have navigational aids, a raked bow or bilge pumps. It is not self-propelled or registered as a vessel with the U.S. Coast Guard. The OBM #1 is inspected in the same manner as a production platform. The OBM #1 is connected to the OBM header platform by bridges and piping. Twelve process lines also connect the OBM #1 and OBM Header platform. The OBM #1, like the structure in *Hemba,* is not a vessel, but a platform. Therefore, the plaintiff is not a seaman for Jones Act purposes.

■ Because the injuries sustained by the plaintiff occurred on the OBM #1 located on the Outer Continental Shelf (OCS), the Outer Continental Shelf Lands Act (OCSLA) applies. 43 U.S.C. § 1333(a)(1). The OCSLA calls for the application of the LHWCA for disability or death of an employee resulting from injuries stemming from operations conducted on the OCS for exploration, development, removal or transportation of natural resources. 43 U.S.C. § 1333(b). The LHWCA provides the exclusive remedy of the employee, his spouse and children against the employer who complies with the Act. 33 U.S.C. § 905(a). The plaintiff, however, alleges that the willful and wanton misconduct of the defendants in not evacuating the employees of OBM #1 before Hurricane Juan hit constituted an intentional tort and thus, falls outside the scope of LHWCA.

In *Houston v. Bechtel Assoc. Professional Corp.,* 522 F.Supp. 1094 (D.C. D.C.1981), the plaintiff, a safety inspector, alleged that he was exposed to silica dust due to the wanton and willful misconduct of his employer causing him to contract silicosis. The court noted that there is "an exception to exclusive liability provisions [of the LHWCA] where the injury inflicted is the result of an intentional act." The court also stated that "nothing short of a specific intent to injure the employee falls outside the scope of § 905(a). Absent such specific intent, the employee is foreclosed from maintaining a tort action against his employer." The court declined to carve out another exception for willful, wanton and reckless misconduct. *Id.* at 1096.

Other federal courts have followed *Houston* in maintaining that willful, wanton and reckless misconduct of an employer is not the equivalent of an intentional tort. These courts have also adhered to the requirement of proof of a specific intent by the employer to injure the employee. *See, Sample v. Johnson,* 771 F.2d 1335 (9th Cir.1985); *Sharp v. Elkins,* 616 F.Supp. 1561, 1565 (W.D.La.1985); *Davis v. Rockwell International Corp.,* 596 F.Supp. 780, 785 (N.D.Ohio E.D.1984).

> "Employer misconduct that does not fall within the intentional tort exception includes: knowingly permitting a hazardous work condition to exist, *Sanford v. Presto Mfg. Co.,* 92 N.M. 746, 594 P.2d 1202 (N.M.Ct.App.1979); willfully failing to furnish a safe place to work, *Austin v. Johns–Manville Sales Corp.,* 508 F.Supp. 313 (D.Me.1981); intentionally failing to warn the employee of the dangers and health hazard to which he could be exposed, *Johnson v. Kerr–McGee Oil Industries, Inc.,* 129 Ariz. 393, 631 P.2d 548 (Ariz.Ct.App.), *appeal dismissed,* 454 U.S. 1025, 102 S.Ct. 560, 70 L.Ed.2d 469 (1981); and willfully and unlawfully violating a safety statute, *Cunningham v. Aluminum Co. of American, Inc.,* 417 N.E.2d 1186 (Ind.Ct.App.1981)." *Davis,* supra.

The alleged conduct of the defendants clearly does not fall within the intentional tort exception. The plaintiff has not claimed that his employer deliberately intended to injure him. Therefore, the plaintiff's exclusive remedy is under the LHWCA.

The defendants, Ocean Oil & Gas Co.; Murphy Oil U.S.A., Inc.; Sun Operating Limited Partnership; Phillips Petroleum Co., and Pelto Oil Co. contend that as joint owners of the OBM #1 and joint employers of the plaintiff they are immune from tort liability under the LHWCA. These defendants claim that the OBM #1 was operated pursuant to a joint venture agreement among them which designated Odeco Oil & Gas as a platform operator.

■ The plaintiff points to language in the joint operating agreement which states that "it is not the intention of the parties to create a partnership, association, trust or other semblance of business entity." This clause has been interpreted by this Court as well as others as intending to be between the parties to a joint operating agreement and does not apply to third parties. *Taylor v. Getty Oil Co.,* 637 F.Supp. 886 (E.D.La.1986).

■ Under OCSLA, state law should be applied to determine whether a joint venture should be treated like a partnership. 43 U.S.C. § 1333(a)(2)(A). According to Louisiana law a joint venture is "an undertaking by two or more persons to combine their property, capital, labor or skill in any combination of these elements in the conduct of a particular line of trade or general business for joint profits, thus creating the status of a partnership although the facts may not show a formal partnership", *Huffman Technical Drilling, Inc. v. Smith,* 424 So.2d 435, 436 (La.App. 5th Cir.1982); *Whittington v. Sowela Technical Institute,* 438 So.2d 236 (La.App. 3rd Cir.1983). Thus, under Louisiana law, joint ventures are likened to partnerships. In the present case the defendants, by their agreement, intended to enter into a joint venture. As joint venturers with Odeco; Ocean Oil & Gas Co.; Murphy Oil U.S.A., Inc.; Sun Operating Limited Partnership; Phillips Petroleum Co. and Pelto Oil Co. are joint employers of the plaintiff. Thus, the plaintiff's exclusive remedy against these defendants is under the LHWCA.

Accordingly, the Plaintiff's Motion to Remand is denied and the Defendant's Motions for Summary Judgment are granted.