**John MASON, Plaintiff,**

v.

**SALLYPORT GLOBAL HOLDINGS, INC., et al., Defendants.**

Civil Action No. 1:13–cv–1134.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 9, 2013.

---

Simina Vourlis, The Law Offices of Simina Vourlis, Columbus, OH, Lannie Todd Kelly, for Plaintiff.

Matthew D. Keiser, Daniel Jay Stuart, Arnold & Porter LLP, Washington, DC, Bernard Joseph Dimuro, Rachael Ellen Luzietti, Dimuro Ginsberg PC, Alexandria, VA, for Defendants.

### *ORDER*

ANTHONY J. TRENGA, District Judge.

This matter is before the Court on the Motions to Dismiss filed by the defendants, Sallyport Global Holdings, Inc. ("Sallyport") [Doc. No. 9] and Corey Edge ("Edge") [Doc. No. 16] ("the Motions"). The Court held a hearing on the Motions on December 6, 2013, at which time it took the Motions under advisement. For the reasons stated herein, the Motions are GRANTED.

In his complaint, filed on September 10, 2013, Plaintiff John Mason alleges that Corey Edge, his supervisor at Sallyport, assaulted him while they were both working for Sallyport at Camp Speicher, a military base in Iraq. Mason further alleges that Sallyport is liable for the assault both because it was negligent in hiring Edge and allowing the assault to take place and under the theory of *respondeat superior*. Mason also alleges that Sallyport is liable for intentional infliction of emotional distress for failing to provide Mason with timely medical care following the assault.

On October 31, 2013, Sallyport filed a motion to dismiss for lack of subject matter jurisdiction on the ground that Mason's exclusive remedy is under The Defense Base Act (the "DBA"), 42 U.S.C. § 1651 *et seq.*, or, in the alternative, for failure to state a claim. On November 7, 2013, Edge filed a motion to dismiss for lack of personal jurisdiction on the ground that he does not have constitutionally sufficient minimum contacts with Virginia.

### A. *Mason's Claims against Sallyport*

The DBA provides workers' compensation insurance for injuries sustained by an employee while "engaged in any employment ... at any military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government." 42 U.S.C. § 1651(a). The DBA incorporates the workers' compensation scheme created by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, and provides that

[t]he liability of an employer ... under this chapter shall be exclusive and in place of all other liability of such employer ... to his employees (and their dependents) coming within the purview of this chapter, under the workmen's compensation law of any State, Territory, or other jurisdiction, irrespective of the place where the contract of hire of any such employee may have been made or entered into.

42 U.S.C. § 1651(c). Thus, where the DBA applies, it displaces any common law causes of action an employee might otherwise have. *See, e.g., Ross v. DynCorp*, 362 F.Supp.2d 344, 352 (D.D.C.2005).

The DBA incorporates the Longshore and Harbor Workers' Compensation Act's definition of injury as "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, ... includ[ing] an injury caused by the willful act of a third person directed against an employee because of his employment." 33 U.S.C. § 902(2). Based on this language, some courts have recognized an exception to the DBA and Longshore and Harbor Workers' Compensation Act's exclusive jurisdiction where the employer acted with specific intent to injure the employee. *See, e.g., Johnson v. Odeco Oil & Gas Co.,*

679 F.Supp. 604, 606–607 (E.D.La.1987); see also Fisher v. Halliburton, 667 F.3d 602, 617–20 (5th Cir.2012) (discussing exception to DBA's exclusive jurisdiction recognized by other courts without explicitly recognizing it).

■ The assault at issue in this case occurred while Mason was working at Camp Speicher, a U.S. military base that was captured during the Iraq war. Thus, the DBA applies and provides Mason's exclusive remedy against Sallyport as long as the assault at issue falls within the DBA's definition of "injury." Mason contends that it does not, because Edge intentionally injured him and Edge's actions, under the facts alleged, are not those of a "third party," but rather are imputed to Sallyport, both because Edge was Mason's supervisor at the time of the attack and because Sallyport was on notice of Edge's disposition for violence when it hired him. Under this reading of the complaint, Mason claims his injuries as a result of Edge's assault fall within the exception that applies when an employer acts with specific intent to injure its employee.

■ The Court finds this argument unpersuasive. The exception Mason cites applies only where the employer itself specifically intends the injury; it is not sufficient that an employee, even one in a supervisory role, acts with specific intent to injure. See Rustin v. D.C., 491 A.2d 496, 501–502 (D.C.1985); Taylor v. Kellogg Brown & Root, Inc., No. H–10–2043, 2011 WL 2446429, at *6–*9 (S.D.Tex. May 20, 2011). While Mason alleges that Sallyport was negligent in hiring Edge, he does not allege that Sallyport in any way directed the assault or intended for it to take place. Mason does allege that Sallyport intentionally inflicted emotional distress on him after the attack, but even accepting that such a claim can fall within the exception to the DBA, Mason has failed to allege

facts that would make that claim plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). The disfavored tort of intentional infliction of emotional distress requires conduct, resulting in severe emotional distress, that is "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Russo v. White, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Here, there are no facts that would make plausible any characterization of Sallyport's conduct as meeting that high standard.

For the above reasons, the Court finds and concludes that the DBA provides Mason's exclusive remedy against Sallyport and that this Court is therefore without jurisdiction to consider Mason's claims against Sallyport.

### B. Mason's Claims against Edge

■■ In order to survive a motion to dismiss for lack of jurisdiction, a plaintiff must make a "prima facie showing of a sufficient jurisdictional basis." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). For this purpose, Mason relies entirely on Edge's status as a Sallyport employee; he does not contest that Edge does not otherwise have any contacts in or to Virginia. The incident at issue in this case did not occur in Virginia; and while Sallyport is headquartered in Virginia, Sallyport's Virginia contacts cannot be imputed to Edge simply because he is an employee of Sallyport. See Keeton v. Hustler Magazine,

*Inc.*, 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (indicating that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him," but, rather, "[e]ach defendant's contacts with the forum State must be assessed individually"). The Court concludes that Mason has failed to make a prima facie showing of personal jurisdiction.

 Lastly, Mason requests that, should the Court conclude it lacks personal jurisdiction over Edge, the case be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). When determining whether to transfer venue, courts consider: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Va. Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*, 928 F.Supp.2d 863, 867 (E.D.Va.2013). Edge's only alleged contact with Pennsylvania consists of minimal interactions with Sallyport personnel located in Pennsylvania. Thus, the record before the Court does not establish that this case could originally have been brought in the Western District of Pennsylvania. Further, even if it could, Mason has failed to show that the "interest of justice" and "the convenience of the parties" would be served by transferring the case to that district.

For the reasons stated above, it is hereby

ORDERED that Defendant Sallyport's Motion to Dismiss [Doc. No. 9] be, and the same hereby is, GRANTED, and this action is dismissed as to Defendant Sallyport pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6); and it is further

ORDERED that Defendant Edge's Motion to Dismiss [Doc. No. 16] be, and the same hereby is, GRANTED, and this ac-

tion is dismissed as to Defendant Edge pursuant to Fed.R.Civ.P. 12(b)(2); and it is further

ORDERED that Plaintiff's motion to transfer venue be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.