**Esther Lee BEGAY et al., Plaintiffs,**

v.

**KERR–McGEE CORPORATION et al., Defendants.**

**No. Civ. 79–1016 Phx. WPC.**

United States District Court, D. Arizona.

May 13, 1980.

---

**1326**

William P. Mahoney, Jr., of Mahoney & Rood, Phoenix, Ariz., Stewart L. Udall, Phoenix, Ariz., Frank J. Barry, Tucson, Ariz., for plaintiffs.

Steven C. Lester, of Jennings, Strouss & Salmon, Phoenix, Ariz., Ralph Mahowald, of O'Connor, Cavanagh, Anderson, Westover & Killingsworth, Robert K. Park, John R. Greer, Phoenix, Ariz., for defendants Kerr–McGee Corp. and Kerr–McGee Oil Industries, Inc.

Newman R. Porter, Alvin H. Shrago, of Evans, Kitchel & Jenckes, Phoenix, Ariz., for Amax, Inc., Climax Uranium Co. and Climax Molybdenum Co.

Douglas L. Irish, of Lewis & Roca, Phoenix, Ariz., for Foote Mineral Co. and Vanadium Corp. of America.

James P. Linn, Raymond E. Tompkins, William R. Burkett, B. J. Zimmerman, Richard F. Campbell, Oklahoma City, Okl., for Kerr–McGee Corp.

Rosemary Collyer, Raymond J. Turner, of Dawson, Nagel, Sherman & Howard, Denver, Colo., for Foote Mineral Co. and its related parties defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Jurisdiction in this action is based on diversity of citizenship. Plaintiffs and plaintiffs' decedents were Navajo Indians employed at the defendants' uranium mining operations located on the Navajo Indian Reservation. In their complaint, plaintiffs allege that during the course of this employment, they or their decedents were exposed to substantial amounts of radiation causing cancer, pulmonary impairments, and severe damage to other parts of their bodies. Plaintiffs seek damages under theories of negligence, gross negligence, and strict liability.

Defendants have moved to dismiss the action on the grounds that the Court lacks jurisdiction and the complaint fails to state a claim upon which relief can be granted. They argue that since jurisdiction is based upon diversity of citizenship, the Court is bound by the laws of Arizona, which provide that the Industrial Commission of Arizona has exclusive jurisdiction over the claims asserted by plaintiffs. Plaintiffs respond that the injuries were suffered by Navajo Indians on the Navajo Indian Reservation, and, therefore, the Arizona workmen's compensation laws do not apply and the Industrial Commission of Arizona is without jurisdiction. Furthermore, plaintiffs argue that even if Arizona workmen's compensation laws were found to apply, the action is permitted by established exceptions to that statutory scheme.

■ Plaintiffs' position concerning the applicability of the Arizona workmen's compensation laws to this action is incorrect. In cases where there is no interference with federal interests or infringement upon an Indian Tribe's right of self–government, state law can be applied to transactions taking place on Indian reservations. *Organized Village of Kake v. Egan*, 369 U.S. 60, 67–68, 82 S.Ct. 562, 567, 7 L.Ed.2d 573 (1962). It is also clear that a state court

may exercise jurisdiction in cases involving an Indian plaintiff and a non–Indian defendant where the transaction took place on the reservation. *See Williams v. Lee*, 358 U.S. 217, 219–20, 79 S.Ct. 269, 270, 3 L.Ed.2d 251 (1959); *Felix v. Patrick*, 145 U.S. 317, 332, 12 S.Ct. 862, 867, 36 L.Ed. 719 (1892); Note, *State Jurisdiction Over Indians As A Subject of Federal Common Law: The Infringement–Preemption Test*, 21 Ariz.L.Rev. 85, 101 (1979). When Indian plaintiffs invoke the jurisdiction of the state courts, they are bound by the laws of the forum. *Paiz v. Hughes*, 76 N.M. 562, 563, 417 P.2d 51, 52 (1966); *see United States v. Candelaria*, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023 (1925). In the absence of tribal or federal interests, an Indian has the same status to sue or be sued as any other citizen. F. Cohen, Handbook of Federal Indian Law 379 (1971 reprint of 1942 ed.). Therefore, when an Indian plaintiff invokes the diversity jurisdiction of the federal courts, the action will be subject to the same limitations that would have applied if the action had been filed in state court. *See Littell v. Nakai*, 344 F.2d 486, 489 (9th Cir. 1965). This result is required by the doctrine of *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

> [W]here ... one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts. It was that element of discrimination that *Erie R. Co. v. Tompkins* was designed to eliminate.

*Woods v. Interstate Realty Co.*, 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1949).

■ Plaintiffs also argue that the Arizona laws are inapplicable under the State's Enabling Act, 36 Stat. 569, 1 Ariz.Rev.Stat. at 81. This interpretation of the Enabling Act is inconsistent with both federal and state court decisions. The Supreme Court of Arizona has stated:

> Indian reservations in Arizona are within political and governmental boundaries of

the state, and limitations on state's jurisdiction in Enabling Act apply only to Indian lands considered as property, but do not withdraw territorial area from sovereignty of state and control of its laws.

*Harrison v. Laveen,* 67 Ariz. 337, 196 P.2d 456, 458 (1948). The language contained in the Enabling Act is merely a disclaimer of a proprietary interest in reservation lands. *See Organized Village of Kake v. Egan,* 369 U.S. at 67–69, 82 S.Ct. at 567. The State retains a governmental interest over land within its external boundaries, and state laws extend to transactions occurring on the reservation unless the state laws interfere with tribal self–government or impair a right granted or reserved by federal law. *See Arizona v. Manypenny,* 445 F.Supp. 1123, 1126 (D.Ariz. 1977); *Industrial Uranium Company v. State Tax Commission,* 95 Ariz. 130, 132–33, 387 P.2d 1013, 1014 (1963).

In the present case, the Arizona workmen's compensation laws do not interfere with tribal or federal interests. In fact, extension of state law to the injuries sustained by plaintiffs is consistent with federal policy. *See* 40 U.S.C. § 290 (1976). Plaintiffs rely on an Arizona decision interpreting 40 U.S.C. § 290 as support for the inapplicability of the Arizona workmen's compensation laws. In *Swatzell v. Industrial Commission,* 78 Ariz. 149, 277 P.2d 244 (1954), the Arizona Supreme Court held that 40 U.S.C. § 290 did not extend coverage of the state's workmen's compensation laws to an injury taking place on an Indian reservation. But in *Swatzell,* the injured person was employed by the federal government, and the state's law did not include the federal government among the employers covered by the workmen's compensation laws. Under these facts, the court concluded that the state commission was without authority to apply the workmen's compensation acts. The court noted, however, that the Arizona workmen's compensation laws

could be applied to Indian enterprises where appropriate insurance policies had been issued. In the present case, the defendants are employers subject to the Arizona workmen's compensation laws and the necessary insurance policies have been issued. Therefore, the substantive rights of the parties in this action are defined by the laws of Arizona.

█ The facts pleaded in plaintiffs' second amended complaint indicate that the exclusive remedy for the injuries alleged is a claim for compensation before the Industrial Commission of Arizona. The Constitution of Arizona requires the legislature to enact a workmen's compensation law. Ariz. Const. art. 18, § 8. Under this law, the employees have the option of accepting the compensation provided under the workmen's compensation law or retaining the right to sue the employer. *Id.* However, the employee "may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to his injury." *Id.* In compliance with this mandate, the Arizona legislature passed the Arizona Workmen's Compensation Laws, Ariz.Rev.Stat.Ann. § 23–901 *et seq.,* and the Occupational Disease Disability Laws, Ariz.Rev.Stat.Ann. § 23–1101 *et seq.*[1] Under these enactments, the employee is conclusively presumed to have elected to take compensation as provided in the applicable statutes unless he has rejected the statutory remedy. Ariz. Rev.Stat.Ann. § 23–906(C) (Supp. 1979); Ariz.Rev.Stat.Ann. § 23–1223(D) (1971). Under the Occupational Disease Disability Law, the rejection must have been filed *within ten days of the commencement of* employment. Ariz.Rev.Stat.Ann. § 23–1223(C) (1971). Under the Workmen's Compensation Law, the rejection must have been made before the injury was sustained. Ariz.Rev.Stat.Ann. § 23–906(C) (Supp. 1979).

The facts pleaded in the second amended complaint indicate that the claims are based

---

1. The Occupational Disease Disability Laws became part of the Workmen's Compensation Law in 1973. See Ariz.Rev.Stat.Ann. §§ 23–901 to 23–901.05 (Supp. 1979). Since the complaint does not indicate the dates on which the

alleged injuries took place, it is unclear which version of the Arizona compensation laws applies. However, the result is unchanged regardless of the date on which the alleged injuries were sustained.

on the type of employment–related injuries covered by the statutes discussed above. There is no allegation that any of the plaintiffs rejected the relief available under the compensation law; nor is there any allegation in the complaint that takes this case outside the statutory scheme. Therefore, exclusive jurisdiction lies in the Industrial Commission of Arizona. Ariz.Rev.Stat. Ann. § 23–921 (Supp. 1979); *Rios v. Industrial Commission*, 120 Ariz. 374, 376, 586 P.2d 219, 221 (1978).

■ In their response to the motions to dismiss, plaintiffs argue that two exceptions to the workmen's compensation laws apply. First, plaintiffs argue that defendants did not post adequate notices of the employees' right of rejection. The Workmen's Compensation Law and the Occupational Disease Disability Act both require an employer to post notices informing employees of their right to reject coverage under the compensation laws. Ariz.Rev. Stat.Ann. § 23–906(D) (Supp. 1979); Ariz. Rev.Stat.Ann. § 23–1108 (1971). The employer's failure to post such notices allows an injured employee the option of accepting compensation under the applicable statutes or suing the employer for damages. Ariz. Rev.Stat.Ann. § 23–906(E) (Supp. 1979); Ariz.Rev.Stat.Ann. § 23–1223(C) (1971). However, the complaint does not allege that defendants failed to post the required notices, and, therefore, plaintiffs cannot rely on this exception. The second exception advanced in plaintiffs' response is that the injuries resulted from defendants' "wilful misconduct". *See* Ariz.Rev.Stat.Ann. § 23–1022(A) (Supp. 1979). Wilful misconduct is defined an "an act done knowingly and purposely with the direct object of injuring another." Ariz.Rev.Stat.Ann. § 23–1022(B) (Supp. 1979). The meaning of this exception was further elucidated in *Serna v. Statewide Contractors, Inc.*, 6 Ariz.App. 12, 15, 429 P.2d 504, 507 (1967):

> The legislature has set two requirements which must be proved in order to exempt an employee from the Workmen's Compensation Act and permit recovery against the employer. The first is, the act must have been done knowingly and purposely. The second is, the act must

have had the direct object of injuring another. Gross negligence, or wantonness amounting to gross negligence, is not sufficient to constitute a "willful act" under our statutory definition. It must be shown that the negligence or wantonness was accompanied by the intent to inflict an injury upon another person.

Plaintiffs have not alleged facts in the second amended complaint indicating that defendants intended to inflict injury. Therefore, this exception is also unavailable.

IT IS ORDERED:

The motions to dismiss by defendants Foote Mineral Company, Amax, Inc., Kerr–McGee Corporation, and Kerr–McGee Oil Industries, Inc. are granted, and the second amended complaint is dismissed without prejudice. Counsel for plaintiff may have twenty (20) days within which to file a third amended complaint.