**Esther Lee BEGAY, etc., et al.,
Plaintiffs-Appellants,**

v.

**The KERR–McGEE CORPORATION, et al., Defendants-Appellees.**

**No. 80–6059.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1982.

Decided June 11, 1982.

Stewart L. Udall, Phoenix, Ariz., for plaintiffs-appellants.

B. J. Rothbaum, Jr., Linn, Helms, Kirk & Burkett, Jennings, Strouss & Salmon, Jose Cardenas, Lewis & Roca, Alvin H. Shrago, Evans, Kitchell & Jenckes, P. C., Phoenix, Ariz., argued, for defendants-appellees; Steven C. Lester, Douglas L. Irish, Newman R. Porter, Phoenix, Ariz., Raymond E. Tompkins, Richard F. Campbell, III, Kerr-McGee Corp., Oklahoma City, Okl., John R. Greer, Law Offices of Robert K. Park, Phoenix, Ariz., on brief.

Before WALLACE, HUG, and ALARCON, Circuit Judges.

WALLACE, Circuit Judge:

The central issues in this appeal concern federal jurisdiction and choice-of-law under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (Erie). Over 200 disabled Navajo miners and their wives, including thirty-nine surviving widows of deceased miners (the Indians), appeal the district court's order dismissing their amended complaint. We affirm.

I

The Indians claim that during their employment between 1948 and 1966 at uranium mines in the Navajo reservation leased and operated by appellees, Kerr-McGee Corp. and several other mining corporations (the companies), the miners were exposed to substantial amounts of radon radiation, causing lung cancer, other severe radiation-related injuries and, in some instances, death. Their second amended complaint alleged jurisdiction based upon diversity of citizenship and sought damages on theories of negligence, strict liability and intentional tort. Applying Arizona substantive law as required by *Erie*, the district court dismissed this complaint, "without prejudice," for lack of subject matter jurisdiction, concluding that the sole remedy provided by Arizona law for the Indians' alleged injuries is an administrative claim for workers' compensation vested in the exclusive jurisdiction of the Industrial Commission of Arizona (the Commission). 499 F.Supp. 1325 (D.Ariz.1980).

Subsequently, the Indians filed a fourth amended complaint alleging that their claims fell within certain statutory exceptions to the Commission's exclusive jurisdiction, and added an assertion of federal question jurisdiction under 28 U.S.C. § 1331, alleging that the case arises under the Constitution, the Navajo Treaty, 15 Stat. 667 (1868), and the Arizona Enabling Act, 36 Stat. 568, ch. 310, §§ 19–35 (1910). The district court dismissed this complaint but granted leave to file another amended complaint alleging the failure of the companies to comply with Arizona's workers' compensation statutory notice requirement, Ariz.Rev.Stat. § 23–906(D), (E) (Supp.1981). 499 F.Supp. 1317 (D.Ariz.1980). Following the filing of this final amended complaint and substantial discovery, the parties stipulated that the notice requirement had not been violated. The district court then ordered the complaint dismissed "with prejudice." The Indians now appeal pursuant to 28 U.S.C. § 1291.

II

■ Although the parties have not raised the issue, we must first determine whether we have jurisdiction over this appeal. "[G]enerally a mere dismissal of a complaint without expressly dismissing the action is not an appealable final order" under section 1291. *Mark v. Groff*, 521 F.2d 1376, 1379 (9th Cir. 1975). Nonetheless, we may "treat the order as final" where, as here, "special circumstances" unmistakably demonstrating finality exist. *Id.* See *Marshall v. Sawyer*, 301 F.2d 639, 642 (9th Cir. 1962). Once the parties had, in effect, stipulated that the lack of statutory notice allegations added to the complaint could not be proven, the district court ordered the complaint dismissed with prejudice. Having already permitted three substantive amendments and two adding additional parties, the district court's order "preclude[d] any possible salvaging of the action by [further] amendments to the complaint." *Mark v. Groff, supra*, 521 F.2d at 1379. Adding "with prejudice" evidently meant no additional amendments would be allowed. We therefore have jurisdiction to entertain this appeal pursuant to section 1291. We emphasize, however, that the proper procedure is to dismiss the action and not simply the complaint, even with prejudice. *See* Fed.R. Civ.P. 12(h)(3) (lack of subject matter jurisdiction).

III

■ We next address the issue of federal question jurisdiction. The district courts are vested with jurisdiction to hear all cases and controversies, regardless of amount in controversy, arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. A case does not arise under federal law within the meaning of section 1331 if the complaint merely anticipates or replies to a probable defense which would be based on federal law. *See, e.g., Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127–29, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974) (per curiam); *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Louisville &*

*Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Here, the Indians' claim falls squarely outside this so-called "well-pleaded complaint" rule. Their cause of action is one sounding only in tort, and manifestly arises under state law. The federal law they would rely on simply anticipates the companies' federal defense—that 40 U.S.C. § 290 permits Arizona to apply its workers' compensation laws, including the restriction of remedies to a claim for compensation before the Commission, to employment-related injuries occurring on Indian reservations—and responds to it by asserting that such application of state law violates the Indian commerce clause, U.S.Const., Art. I, § 8, cl. 3, the Navajo Treaty and the Arizona Enabling Act, and is preempted by the "infringement" test announced in *Williams v. Lee*, 358 U.S. 217, 220, 79 S.Ct. 269, 270, 3 L.Ed.2d 251 (1959), and its progeny.[1] "Such is not the stuff of federal jurisdiction." *Alton Box Board Co. v. Esprit de Corp.*, 682 F.2d 1267 at —— (9th Cir. 1982). *See Guinasso v. Pacific First Federal Savings & Loan Ass'n*, 656 F.2d 1364, 1366 (9th Cir. 1981). We therefore affirm the district court's dismissal, for lack of jurisdiction, of those portions of the fourth amended complaint asserting jurisdiction pursuant to section 1331. *See* 499 F.Supp. at 1321–22.

## IV

■ The parties and the district court have mistakenly approached the next issue in this case—the choice of applicable law under *Erie*—as one of subject matter jurisdiction. *See id.* at 1323. Unlike their assertion of federal question jurisdiction, however, it is clear that the Indians properly invoked the district court's diversity jurisdiction. Each plaintiff in this case is a citizen of a different state from each defendant, 28 U.S.C. § 1332(a)(1), (c); *Munoz*

*v. Small Business Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981), and the amount-in-controversy requirement is satisfied. Since the district court therefore had jurisdiction, it was improper to dismiss the complaint for lack of subject matter jurisdiction.

■ The district judge apparently concluded that because Arizona law would deprive an Arizona court of jurisdiction in a like case filed in state court, the federal court lacked diversity jurisdiction. Here, he erred. The question is whether the Indians' complaint stated a claim for relief under Arizona law pursuant to *Erie*, rather than whether the district court lacked subject matter jurisdiction. *See Black v. Payne*, 591 F.2d 83, 86 n.1 (9th Cir. 1979) (federal question). Although the states have the power to prevent the federal court from granting relief in a diversity case by denying the substantive right of action asserted, they "have no power to enlarge or contract the federal jurisdiction." *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961). *See Railway Co. v. Whitton's Adm'r*, 80 U.S. (13 Wall.) 270, 286, 20 L.Ed. 571 (1871); *Greyhound Lines, Inc. v. Lexington State Bank & Trust Co.*, 604 F.2d 1151, 1154–55 (8th Cir. 1979); *Poitra v. DeMarrias*, 502 F.2d 23, 25–27 (8th Cir. 1974), *cert. denied*, 421 U.S. 934, 95 S.Ct. 1664, 44 L.Ed.2d 93 (1975). "State rules will not be applied 'to thwart the purposes of statutes of the United States.'" *Pankow Constr. Co. v. Advance Mortgage Corp.*, 618 F.2d 611, 613 (9th Cir. 1980), *quoting Sola Elec. Co. v. Jefferson Co.*, 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942). Thus, state law may not control or limit the diversity jurisdiction of the federal courts. The district court's diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C. § 1332(a). Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law. Nothing in *Erie* compels a different conclusion.

---

1. *See, e.g., White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 141–45, 100 S.Ct. 2578, 2582–84, 65 L.Ed.2d 665 (1980); *Fisher v. District Court*, 424 U.S. 382, 386–88, 96 S.Ct. 943, 946–47, 47 L.Ed.2d 106 (1976) (per curiam); *Mescalero Apache Tribe v. Jones*, 411 U.S. 145,

148, 93 S.Ct. 1267, 1270, 36 L.Ed.2d 114 (1973); *McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 172, 93 S.Ct. 1257, 1262, 36 L.Ed.2d 129 (1973); *Organized Village of Kake v. Egan*, 369 U.S. 60, 67–68, 82 S.Ct. 562, 566–67, 7 L.Ed.2d 573 (1962).

"The *Erie* doctrine does not extend to matters of jurisdiction or, generally, to matters of procedure.... *Erie* requires that the federal court grant or withhold relief as the state courts would. It does not require relegation of the diversity jurisdiction to the mercies of the legislatures of fifty separate states." *Markham v. City of Newport News, supra,* 292 F.2d at 718.

■ Indeed, the *Erie* doctrine rests upon the premise that the jurisdiction of the federal diversity court is satisfied, and addresses only the question whether federal or state law provides the substantive rules of decision in the case. *See Erie, supra,* 304 U.S. at 74–77, 58 S.Ct. at 820–822. Regardless of whether *Erie* primarily involves interpretation of the Constitution or the Rules of Decision Act, 28 U.S.C. § 1652, *see* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 706–08 (2d ed. 1973), it does not purport to permit state control of areas in which Congress has acted pursuant to its constitutional authority. *See Erie, supra,* 304 U.S. at 78, 58 S.Ct. at 822 ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."). Nothing in *Erie,* its progeny, or the principles of federalism supporting the doctrine suggests that a state statute may operate to divest a federal court of the jurisdiction conferred by 28 U.S.C. § 1332(a). Only Congress, by repealing section 1332, has the constitutional authority to abolish or limit the district court's jurisdiction to hear all cases and controversies between citizens of different states which involve the requisite amount in controversy.

The companies argue that the Arizona workers' compensation statutes, by vesting exclusive jurisdiction in the Arizona Industrial Commission, deprive the district court of diversity jurisdiction. Kerr-McGee Corp. does so without a single citation to federal authority. The other companies rely principally on *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). But that case does not help them. In *Woods,* a state statute precluded foreign corporations that had failed to designate an in-state agent for service of process from suing in the state's courts. The district court granted summary judgment for the defendant, dismissing the complaint with prejudice, because the plaintiff had failed to satisfy the state statute. *Id.* at 536, 69 S.Ct. at 1236. The Supreme Court upheld the district court, relying on *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), and *Guaranty Trust Co. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945):

> The *York* case was premised on the theory that a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case: that where in such cases one is barred *from recovery* in the state court, he should likewise be barred in the federal court.

337 U.S. at 538, 69 S.Ct. at 1237 (emphasis added).

■ It is evident from this language, and because the district court acted on the merits by granting summary judgment for the defendant, that the Supreme Court's holding is that the state "door-closing" statute prevented the diversity plaintiff, as a matter of law, from stating a claim upon which relief could be granted. The state rule was "intended to be bound up with the definition of the rights and obligations of the parties," *Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 536, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958), and therefore was a substantive provision which, under *Erie,* the district court was bound to follow. *Cf. Bernhardt v. Polygraphic Co. of America,* 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956) ("The nature of the tribunal where suits are tried is an important part of the parcel of rights behind a cause of action."); *Szantay v. Beech Aircraft Corp.,* 349 F.2d 60, 63, 66 & n.13 (4th Cir. 1965) (distinguishing *Woods*); Hart & Wechsler's The Federal Courts and the Federal System, *supra,* at 755. Where, as in *Woods,* a state denial of the judicial remedy

is equivalent to a denial of the substantive right asserted, the plaintiff may not state a claim for relief in either the state or the federal court. *See Hanna v. Plumer*, 380 U.S. 460, 468 & n.10, 85 S.Ct. 1136, 1143 & n.10, 14 L.Ed.2d 8 (1965) (distinguishing *Woods* as "a situation where application of the state rule would wholly bar recovery"). But that does not mean, as the companies maintain, that the district court does not have jurisdiction. We agree with the First Circuit: "No ouster of federal jurisdiction results when, by reason of the policies expressed in *Erie*, a federal court requires that a state's rule barring an action from proceeding in its courts must be applied to bar the action from the federal court." *Feinstein v. Massachusetts Gen. Hosp.*, 643 F.2d 880, 888 (1st Cir. 1981).

Some language in two of our older decisions seems to support the district court. *See Hot Oil Serv., Inc. v. Hall*, 366 F.2d 295, 297 (9th Cir. 1966); *Littell v. Nakai*, 344 F.2d 486, 489 (9th Cir. 1965), *cert. denied*, 382 U.S. 986, 86 S.Ct. 531, 15 L.Ed.2d 474 (1966). Given our overwhelming reliance in these cases on the principle of *Williams v. Lee, supra*, 358 U.S. at 217, 79 S.Ct. at 269, 3 L.Ed.2d at 251, however, we believe they are better viewed as decisions construing section 1332(a) to preclude a non-Indian plaintiff from obtaining federal judicial resolution of a dispute which *Williams v. Lee* vests in the tribe's exclusive jurisdiction. It would be inappropriate to permit a federal court to exercise its diversity jurisdiction over a state-law controversy which *Williams v. Lee* prohibits the state courts from entertaining. As we said in *Littell*:

> [T]he exclusive tribal jurisdiction may be altered by express declaration of Congress. Littell urges that the diversity statute is just such a declaration.... [But] even after granting that Littell's suit falls within the letter of the diversity statute, we believe that the basic principle of diversity jurisdiction requires reference of the suit to the Navajo Tribal Courts.

344 F.2d at 489. In the many years since *Hot Oil* and *Littell* were decided, we have never relied on these cases for the broad proposition urged by the companies, but rather have confined their validity closely to the principle of *Williams v. Lee*. *See, e.g., Arizona ex rel. Merrill v. Turtle*, 413 F.2d 683, 685 (9th Cir. 1969), *cert. denied*, 396 U.S. 1003, 90 S.Ct. 551, 24 L.Ed.2d 494 (1970). Given our agreement with the district court that *Williams v. Lee* does not prohibit application of Arizona's workers' compensation law to this case, *see* Part VI, *infra*, our decision is consistent with both *Littell* and *Hot Oil.*

V

■ We must, however, affirm the district court's order dismissing the Indians' diversity complaint if the complaint and action should have been dismissed, notwithstanding that the district court incorrectly dismissed for lack of subject matter jurisdiction. *See, e.g., Edinburgh Assurance Co. v. R. L. Burns Corp.*, 669 F.2d 1259, 1262 (9th Cir. 1982); *Huntington Beach Union High School Dist. v. Continental Information Systems Corp.*, 621 F.2d 353, 358 (9th Cir. 1980). Therefore, we now address whether the district court's order of dismissal can be sustained on the ground that the complaint failed to state a claim upon which relief could be granted.

■ The district court construed Arizona law as vesting exclusive jurisdiction over the Indians' damage claims in the Commission, 499 F.Supp. at 1328–39, and concluded that no statutory exception applied in this case, *id.* at 1323–25. We defer to this construction of Arizona law by the district judge in that state because there is no indication that he is clearly wrong. *Major v. Arizona State Prison*, 642 F.2d 311, 313 (9th Cir. 1981). *See Johnson v. Kerr-McGee Oil Industries, Inc.*, 129 Ariz. 393, 631 P.2d 548 (Ct.App.) (*Johnson I*), *appeal dismissed for want of a substantial federal question*, 454 U.S. 1025, 102 S.Ct. 560, 70 L.Ed.2d 469 (1981).

■ Whether these provisions of Arizona workers' compensation law are viewed as abolishing the Indians' common law cause of action, as depriving the state

courts of jurisdiction, or rather as a limitation of remedy,[2] it is evident that they are "substantive" provisions which, under *Erie*, a district court sitting in diversity is bound to follow. *See, e.g., Guaranty Trust Co. v. York, supra; Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Bernhardt v. Polygraphic Co. of America, supra; Byrd v. Blue Ridge Rural Elec. Coop., Inc., supra; Hanna v. Plumer, supra; Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). As the district court correctly reasoned, *see* 499 F.Supp. at 1327, *quoting Woods v. Interstate Realty Co., supra*, 337 U.S. at 538, 69 S.Ct. at 1237, permitting a federal court to award damages in this case when the state court could not would directly conflict with the twin aims of *Erie* by encouraging forum shopping and permitting inequitable administration of the laws. *Hanna v. Plumer, supra*, 380 U.S. at 468, 85 S.Ct. at 1143; *see Walko Corp. v. Burger Chef Systems, Inc.*, 554 F.2d 1165, 1170–71 (D.C.Cir.1977). Surely it cannot be doubted that the statutory relegation of workers' compensation claims to an administrative tribunal is designed to effectuate the substantive state policy of ensuring certain and reasonable compensation for injured or disabled workers. *See, e.g., Jeune v. Industrial Comm'n*, 77 Ariz. 410, 274 P.2d 85, 88–90 (1954); *Lugar v. Industrial Comm'n*, 9 Ariz.App. 44, 449 P.2d 61, 66 (1968). Regardless of how these provisions are characterized, therefore, they are "intended to be bound up with the definitions of the rights and obligations of the parties," and are not "merely a form and mode of enforcing the immunity" granted employers who comply with the workers' compensation statutes. *Byrd v. Blue Ridge Rural Elec. Coop., Inc., supra*, 356 U.S. at 536, 78 S.Ct. at 900. Moreover, there are no "af-

---

**2.** Workers' compensation schemes generally deprive the injured worker of his or her independent cause of action against the employer, substituting statutory compensation benefits in its place. *See, e.g., Jackson v. Dravo Corp.*, 603 F.2d 156, 157 (10th Cir. 1979) (applying Wyoming law). Some workers' compensation statutes provide for "election" by the employer: if the employer subscribes to the statute, the injured employee may recover only the administrative remedies provided therein. *See, e.g., Britt v. Suckle*, 453 F.Supp. 987, 993–94 (E.D.Tex.1978) (applying Texas law). Arizona provides for election by the employee: an employee retains his right to sue the employer in tort if he rejects the statutory remedy. *See* 499 F.Supp. at 1328. There is no allegation that any of the Indian miners did so. *Id.* at 1329. Without such a rejection, employers who comply with the statute's insurance provisions *"shall not be liable for damages* at common law or by statute ... for injury or death of an employee wherever occurring ...." Ariz.Rev. Stat. § 23‑906(A) (Supp.1981) (emphasis added). Two exceptions, for failure to post a statutory notice of the employees' right to reject the coverage and for injuries resulting from willful misconduct, are inapplicable to this case. 499 F.Supp. at 1329.

The Arizona statute thus appears to abolish an employee's common law and statutory causes of action against covered employers, in the absence of an employee election to reject the right to administrative compensation. Construed in this manner, Arizona law would demonstrate that employers are *immune* from all liability if, as in this case, they have complied

with the statute and no exceptions to it apply. *See Johnson v. Kerr‑McGee Oil Indus., Inc.*, 129 Ariz. 393, 396, 631 P.2d 548, 551 (Ct.App.), *appeal dismissed*, 454 U.S. 1025, 102 S.Ct. 560, 70 L.Ed.2d 469 (1981). However, Arizona courts have variously characterized this statutory scheme as providing an exclusive administrative remedy against the employer, *Rios v. Indus. Comm'n*, 120 Ariz. 374, 377, 586 P.2d 219, 222–23 (1978); *Williams v. Magma Copper Co.*, 5 Ariz.App. 236, 425 P.2d 138, 139 (1967); Ariz.Rev.Stat. § 23–1022(A) (Supp.1981), as granting exclusive jurisdiction to the Arizona Industrial Commission, *Rios v. Indus. Comm'n, supra*, 120 Ariz. at 376, 586 P.2d at 221, thus depriving the Arizona courts of jurisdiction, *S. H. Kress & Co. v. Superior Court*, 66 Ariz. 67, 72, 182 P.2d 931, 934 (1947); *Chesin Constr. Co. v. Epstein*, 8 Ariz.App. 312, 315, 446 P.2d 11, 14 (1968), as well as affording the employer immunity against liability to employees who have not elected to reject their statutory benefits, *Citizen's Utility, Inc. v. Livingston*, 21 Ariz. App. 48, 51, 515 P.2d 345, 348 (1973). No matter how this statutory framework is characterized, it is clear that Arizona law does not permit a judicial award of damages to an employee arising out of job-related injury or death, if the employer has complied with the statute and the employee has not elected to reject it. We need not adopt any particular characterization, therefore, to conclude that *Erie* mandates that these provisions be applied in the federal diversity court.

firmative countervailing considerations" present in this case which militate against application of state law. *Cf. id.* at 537, 537–39, 78 S.Ct. at 900, 900–01 (allocation of judge/jury responsibility). If an Arizona court hearing this case could not award damages to the Indians under any theory as a matter of law, neither could the district court.[3] *Guaranty Trust Co. v. York, supra,* 326 U.S. at 108–09, 65 S.Ct. at 1469.

## VI

This does not mean that the district court had no federal questions to decide. Issues involving federal law may be involved even when there is no federal question jurisdiction. Therefore, having properly invoked the diversity jurisdiction of the district court, the Indians were not precluded from asserting that federal law, including the Supreme Court's decision in *Williams v. Lee, supra,* preempts the Arizona workers' compensation scheme as applied to Indian reservations, thus permitting a suit for damages. *See Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1170 (5th Cir. 1979) (constitutional challenge to state statute, applied in diversity action, requiring mediation prior to medical malpractice suits). The rule that "anticipated federal defenses do not suffice to establish federal question jurisdiction," *Alton Box Board Co. v. Esprit de Corp., supra,* slip op. at 1690–91 at —— ——, applies to section 1331, not section 1332(a). There was, of course, no reason for the district judge to reach the merits of these issues once he concluded that subject matter jurisdiction was lacking, a determination which would ordinarily end the district court's involvement with the case. The district judge, however, discussed the

merits as an alternative ground for his decision. *See* 499 F.Supp. at 1322–23; *id.* at 1327–28. On this alternative ground, we agree.

■ The language of 40 U.S.C. § 290 unambiguously permits application of state workers' compensation laws to all United States territory within the state. Claims by Indians against non-Indian employers are not matters of "self-governance in purely intramural matters" sufficient to avoid the rule that Indians are subject to such federal laws of general application, *United States v. Farris,* 624 F.2d 890, 893 (9th Cir. 1980), *cert. denied,* 449 U.S. 1111, 101 S.Ct. 920, 66 L.Ed.2d 839 (1981), and the exercise of state jurisdiction over such claims does not, even minimally, infringe upon or frustrate tribal self-government, *Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 463, 483, 96 S.Ct. 1634, 1646, 48 L.Ed.2d 96 (1976) (*citing Williams v. Lee, supra,* 358 U.S. at 219–20, 79 S.Ct. at 270). Finally, the Indians' interpretation of the Arizona Enabling Act "is inconsistent with both federal and state court decisions," 499 F.Supp. at 1327, and with the purpose of the Act itself, *id.* at 1328.

■ We also agree with the companies that we are required to follow the Supreme Court's decision in *Johnson v. Kerr-McGee Oil Industries, Inc.,* 454 U.S. 1025, 102 S.Ct. 560, 70 L.Ed.2d 469 (1981), *dismissing for want of a substantial federal question, Johnson v. Kerr-McGee Oil Industries, Inc. (Johnson I), supra.* With the exception of the Enabling Act and Indian commerce clause questions, each federal issue raised by the Indians in this case was specifically presented to the Supreme Court in *Johnson*

---

**3.** We do not mean to suggest that state law necessarily controls all questions of remedy in diversity cases. At least with regard to equitable remedies, it seems clear that "a federal court may afford an equitable remedy for a substantive right recognized by a State even though a State court cannot give it." *Guaranty Trust Co. v. York,* 326 U.S. 99, 106, 65 S.Ct. 1464, 1468, 89 L.Ed. 2079 (1945). *But see* 19 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4513, at 206–17 (1982) (concluding that notwithstanding this language, *Erie* "in

most cases, dictates that remedies for state-created rights be granted according to state law"). Because we choose not to decide whether Arizona's workers' compensation scheme limits the remedies available in state court or extinguishes the substantive right claimed by the Indians, *see* Note 2, *supra,* we need not decide whether or to what extent state law may limit the federal court's power to award *legal* remedies in a diversity case involving a substantive state-created right.

*I.*[4] Summary decisions of the Supreme Court, including appeals dismissed for want of a substantial federal question, are decisions on the merits which bind the lower federal courts at least until "doctrinal developments indicate otherwise." *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975), *quoting Port Authority Bondholders Protective Comm. v. Port of New York Auth.,* 387 F.2d 259, 263 n.3 (2d Cir. 1967); *Hawaiian Telephone Co. v. Hawaii Dept. of Labor & Indus. Relations,* 614 F.2d 1197, 1198 (9th Cir.) (per curiam), *cert. denied,* 446 U.S. 984, 100 S.Ct. 2965, 64 L.Ed.2d 840 (1980). We find no merit to the Indians' argument that *Johnson I* is inapplicable because no issue was raised in that case concerning Arizona's statutory notice requirement; the Indians are bound by their stipulation that the notice provision was not violated. We have already addressed their Enabling Act claim, and their amorphous Indian commerce clause argument is sufficiently without merit to require no discussion.

Thus, we conclude that the district judge erred in dismissing for lack of subject matter jurisdiction. He should have dismissed for failure to state a claim upon which relief could be granted. On this basis, the order of the district court is affirmed.

AFFIRMED.

---

4. In view of our reliance upon the Supreme Court's summary disposition of *Johnson I,* we have no occasion to consider whether our previous summary affirmance of an order dismissing a parallel lawsuit filed in federal district court, *Johnson v. Kerr-McGee Oil Indus., Inc.,* No. 80–5682 (9th Cir.) (*Johnson II*), *petition for cert. dismissed per stipulation,* 454 U.S. 1070, 102 S.Ct. 623, 70 L.Ed.2d 607 (1981), controls this appeal. We therefore dismiss the companies' motion for summary affirmance based upon *Johnson II* as moot.