Richard J. MOLDOVAN, et al., Plaintiffs,

v.

LEAR SIEGLER, INC., et al., Defendants.

Civ. A. No. 86–2155.

United States District Court, N.D. Ohio, E.D.

Oct. 28, 1987.

Division of Lear Siegler, Inc. ("Romec" and "Lear Siegler", respectively) during the time in question. Lear Siegler is a Delaware corporation, and Romec's principal place of business is in Ohio.

Moldovan alleges that while at Romec, he worked with dangerous chemicals such as Para alpha napthylamine ("PANA") and Triortho cresyl phosphate ("TCP"). He further alleges that these substances caused him injury, and that Romec intentionally failed to provide proper and adequate warnings as to the chemicals' danger, or proper instructions as to the chemicals' use.

Moldovan's first count is for intentional tort; his second is for punitive damages; his third count is against Lear Siegler, as parent of Romec, for negligence; and the fourth count is brought by Amelia Moldovan, Richard Moldovan's wife, for loss of consortium.

## II.

Fed.R.Civ.P. 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

The nature of materials properly presented in a summary judgment pleading is set forth in Fed.R.Civ.P. 56(e):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response,

Lewis Einbund and Michael N. Ugar, Sindell, Sindell & Rubenstein, Cleveland, Ohio, for plaintiffs.

Bruce E. Hearey, Spieth, Bell, McCurdy & Newell, Cleveland, Ohio, for defendants.

ANN ALDRICH, District Judge.

Defendants have moved to dismiss plaintiff's complaint, or, in the alternative, for summary judgment. For the reasons set forth below, the motion is granted only with respect to plaintiff's claim based on negligence.

## I.

Richard J. Moldovan is a resident of Massachusetts and was employed at the Romec

by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Hasan v. CleveTrust Realty Investors, Inc.,* 729 F.2d 372 (6th Cir.1984). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil trials the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* 106 S.Ct. at 2512. Although "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient to defeat a summary judgment motion, the

Court is not precluded from denying a summary judgment motion where it concludes that proceeding to trial is a better course. *Id.* at 2512, 2514.

### III.

■ Defendants first argue that this Court lacks jurisdiction over Moldovan's claims because the amount in controversy is not greater than $10,000. The Ohio statute provides jurisdiction only to determine liability, and not the amount of damages; because the Court cannot award damages, defendants argue that there is necessarily zero dollars in controversy. The defendants are not persuasive.

The Court must, of course, apply Ohio law. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If Ohio Rev.Code § 4121.80 applies, *see* part IV *infra,* the Court is limited to a determination of liability, and may not determine damages.[1] However, this does not divest the Court of diversity jurisdiction. "[S]tate law may not control or limit the diversity jurisdiction of the federal courts.... Nothing in *Erie* compels a different result." *Begay v. Kerr–McGee Corp.,* 682 F.2d 1311, 1315 (9th Cir.1982); *Dominion Nat'l Bank v. Olsen,* 771 F.2d 108, 116 n. 2 (6th Cir.1985); *c.f. Chas. T. Main Int'l, Inc. v. Khuzestan Water & Power Auth.,* 651 F.2d 800, 810 (1st Cir.1981) (binding settlement of Iranian claims by President would compel dismissal for failure to state a claim, not lack of jurisdiction).

In *Begay,* plaintiffs were Navajo Indians who sued their employer for tortious damages. The employer defended on the

---

1. Ohio Rev.Code § 4121.80(D) provides:

In any action brought pursuant to this section, the court is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the court determines that the employee or his estate is entitled to an award under this section and that determination has become final, the industrial commission shall, after hearing, determine what amount of damages should be awarded. For that purpose, the commission has original jurisdiction. In making that determination, the commission shall consider the compensation and benefits payable under Chapter 4123. of the Revised Code and the net financial loss

to the employee caused by the employer's intentional tort. In no event shall the total amount to be received by the employee or his estate from the intentional tort award be less than fifty per cent of nor more than three times the total compensation receivable pursuant to Chapter 4123. of the Revised Code, but in no event may an award under this section exceed one million dollars. Payments of an award made pursuant to this section shall be from the intentional tort fund. All legal fees, including attorney fees as fixed by the industrial commission, incurred by an employer in defending an action brought pursuant to this section shall be paid by the intentional tort fund.

ground that the Arizona workers' compensation statute barred such suits. Although the Circuit agreed that Arizona law vested exclusive jurisdiction in the industrial commission, it strongly chided the district court for dismissing for lack of jurisdiction. The court made clear that the plaintiffs had properly invoked the court's diversity jurisdiction by asserting a claim for over $10,-000; vesting an exclusive remedy in the industrial commission could not defeat the *jurisdiction* of the district court. However, since the court was bound under *Erie* to follow Arizona law, it had to dismiss the plaintiffs' claims for *failure to state a ground* upon which relief could be granted. As the Ninth Circuit noted, the *Erie* doctrine rests upon the premise that the federal court has jurisdiction, and addresses only the question of which substantive law is to be applied—state or federal. *Id.* at 1316.

The Seventh Circuit followed this reasoning in *Beach v. Owens–Corning Fiberglas Corp.*, 728 F.2d 407, *cert. denied*, 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984). Indiana law granted exclusive jurisdiction to the Indiana Industrial Disputes Board. Still, the Seventh Circuit explicitly held that federal courts may properly exercise jurisdiction over worker compensation cases. *Id.* at 409. Again, the proper response of the district court was to assert jurisdiction, and then dismiss for failure to state a claim. *Id.* at 410–11.

Thus, it is clear that this Court has diversity jurisdiction in the case before it. However, unlike in *Begay* and *Beach*, the Ohio statute does not vest exclusive jurisdiction in the industrial board. Rather, it specifically vests jurisdiction as to liability in the state courts. Following *Erie*, this Court may at least hear the question as to liability. Summary judgment or dismissal on this ground is therefore denied.

### IV.

*Count 1*

■ Moldovan's complaint clearly alleges an intentional tort. As defendants note, intentional tort claims are not barred by the Ohio workers' compensation statute.

*Blankenship v. Cincinnati Milacron Chemicals*, 69 Ohio St.2d 608, 433 N.E.2d 572 (1982); Ohio Rev.Code § 4121.80. Thus, Moldovan has stated a claim upon which relief can be granted.

■ Defendants move for summary judgment on the basis that the statute of limitations has expired. As evidence, they point to Moldovan's claim for workers' compensation, on which Moldovan states that he first noticed his symptoms in 1978. (Affidavit of William J. Pruneski, Exhibit 1). However, that same form also states that the diagnosis was not made until March 12, 1986. This suit was filed on May 16, 1986, just over two months after the diagnosis.

The Ohio Supreme Court has ruled that: [w]hen an injury does not manifest itself immediately, the cause of action does not arise until Plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of Defendant, for the purposes of the statute of limitations contained in R.C. 2305.10

*O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 447 N.E.2d 727 (1983) (syl. ¶ 2).

Because the only evidence presented to the Court on this issue is Moldovan's workers' compensation claim, and because the Court must view all evidence in the light most favorable to the party opposing summary judgment, it must deny the motion on this ground.

*Count 2*

Count 2 alleges that Romec intentionally failed to act upon the medical data which informed it of the chemicals' danger; Moldovan thus seeks $2.3 million in punitive damages. As a claim for punitive damages, it is proper under *Blankenship*. It is unclear whether § 4121.80 allows for punitive damages, or, as discussed below, whether § 4121.80 may be applied in this case consistently with the Ohio constitution. Summary judgment or dismissal as to count 2 is therefore denied.

*Count 3*

■ Count 3 states in relevant part: "As a proximate cause of Defendant [Lear Sie-

gler's] negligence, Plaintiff sustained the injuries and expenses enumerated above." Ohio law is clear that the exclusive remedy for an employer's negligence is the workers' compensation system. *Blankenship*, 433 N.E.2d at 577. Count 3 was alleged under the mistaken impression that Lear Siegler was a separate corporation than Romec, and thus not Moldovan's employer. Since Romec is merely a division of Lear Siegler, Count 3 alleging negligence must be dismissed for failure to state a claim upon which relief may be granted.

*Count 4*

Count 4 is a claim by Amelia Moldovan for loss of consortium. The Court believes that under *Blankenship*, Mrs. Moldovan would have a valid claim. Although the Ohio courts have not yet squarely ruled on this issue, both *Blankenship* itself and *Viock v. Stowe–Woodward Co.*, 13 Ohio App.3d 7, 467 N.E.2d 1378 (1983) involved claims by spouses for loss of consortium. Thus it seems clear that the Ohio courts will extend, or indeed have extended, *Blankenship* to include claims for loss of consortium.[2] However, § 4121.80 re-affirms the Ohio legislature's determination that the immunity given employers and fellow-servants in §§ 4123.74 and 4123.741 is "an essential aspect of Ohio's workers' compensation system" and that the intent of the legislature is to immunize employers and fellow-servants from litigation outside the workers' compensation system, except as otherwise provided in § 4121.80. Ohio Rev.Code § 4121.80(B); *McPherson*, slip op. at 9. Whether Mrs. Moldovan's loss of

consortium claim survives therefore depends on whether § 4121.80's provision of retroactivity is constitutional. The Ohio Supreme Court has thus far avoided ruling on whether the retroactive application of § 4121.80 violates the Ohio constitution. This Court must therefore attempt to ascertain state law from all available data, including Ohio appellate court decisions. *See, e.g., Coleman v. Western Electric Co.*, 671 F.2d 980, 983 (6th Cir.1982); *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985).

Although no court has yet ruled on the retroactivity of abolishing the loss of consortium claims, at least three Ohio appellate courts have held that the act's retroactive application of a more restrictive statute of limitations violates the Ohio Constitution, Art. II, § 28.[3] *Blackwell v. Cubby Drilling, Inc.*, No. 86–AP–120082 (Ct.App. Tuscarawas Cty. July 20, 1987) [Available on WESTLAW, 1987 WL 14484]; *Cox v. Alloyd Insulation Co.*, No. CA 10190 (Ct.App.Montgomery Cty. June 22, 1987) [Available on WESTLAW, 1987 WL 13621]; *Grace v. Larson Consolidated, Inc.*, No. 4148 (Ct.App.Lorain Cty. April 22, 1987) [Available on WESTLAW, 1987 WL 10347]. *But see Acme Arsena Co. v. Terstep Co., Inc.*, No. 52033 (Ct.App.Cuyahoga Cty. April 23, 1987) [Available on WESTLAW, 1987 WL 10039]; *Taylor v. Academy Iron & Metal Co.*, No. 51305 (Ct.App.Cuyahoga Cty. November 20, 1986) [Available on WESTLAW, 1986 WL 13342] (both cases retroactively applying § 4121.80 to reject a third party defendant's claim for indemnification or contribution). Two federal courts

---

**2.** The Court notes the recent Sixth Circuit opinion finding that the Ohio courts would not extend *Blankenship* to claims by third party defendants against the employer for indemnity. *McPherson v. Cleveland Punch & Shears Co.*, 816 F.2d 249 (6th Cir.1987). *McPherson*, however, seems distinguishable. A spouse's loss of consortium claim is much like a worker's claim itself, which the legislature was trying to protect; on the other hand, a third-party defendant's claim is as a joint-tortfeasor, in which it has been held in other circumstances, e.g. spousal immunity, that the protected party may not be sued. More persuasive are the two Ohio cases— *Blankenship* and *Viock v. Stowe–Woodward Co.* —which implicitly allow for spousal claims of loss of consortium. Given these two

cases, as well as *Blackwell v. Cubby Drilling, Inc., see* pp. 1027–28 *infra*, this Court is unwilling to extend *McPherson* beyond its facts.

**3.** Article II, § 28 states:
The general assembly shall have no power to pass retroactive laws, or laws impairing the obligations of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of the parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the law of this state.

in Ohio have ruled similarly. *Viars v. General Motors Corp.*, 649 F.Supp. 914 (N.D. Ohio 1986); *Shelton v. United States Steel Corp.*, No. C–1–86–0740) (S.D.Oh. unpublished opinion Jan. 15, 1987) (cited with approval in *Blackwell*).

This Court notes that completely abolishing a cause of action, in this case an action for loss of consortium, much more clearly affects a substantive right than does simply further limiting the time in which to bring a suit. The Ohio Supreme Court has held that where the retroactive application of the law destroys an accrued substantive right, that retroactive application violates the Ohio constitution. *Wilfong v. Batdorf,* 6 Ohio St.3d 100, 451 N.E.2d 1185, 1188–89 (1983); *Gregory v. Flowers,* 32 Ohio St.2d 48, 290 N.E.2d 181 (1972) (Syl. ¶ 3).

■ Given the above cases holding unconstitutional the retroactive application of a more severe statute of limitations, this Court holds that the retroactive application of § 4121.80 to abolish Mrs. Moldovan's loss of consortium claim violates the Ohio constitution, Art. II § 28, and thus, may not operate in this case.[4] The Court also notes that the constitutionality of the retroactivity of the $1 million limit on damages need not be decided at this time. However, because the industrial commission has no jurisdiction to award Mrs. Moldovan damages and because it has no jurisdiction to award Mr. Moldovan more than $1 million, the Court will retain jurisdiction to decide any damages the Moldovans might receive.

IT IS SO ORDERED.

---

**4.** *Additional evidence that the Ohio courts would allow a loss of consortium claim to survive is that Blackwell involved such a claim,* *although the court only ruled on the statute of limitations question.*