**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PLATFORM 10, LLC,

            Plaintiff-Appellant,

v.

BATTLE MOUNTAIN BAND OF THE
TE-MOAK TRIBE OF WESTERN
SHOSHONE INDIANS OF NEVADA,

            Defendant-Appellee.

No. 21-17018

D.C. No.
3:20-cv-00238-RCJ-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 16, 2022**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Platform 10, LLC (Platform 10) appeals from the district court's dismissal of

its breach of contract action against the Battle Mountain Band of the Te-Moak

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Tribe of Western Shoshone Indians of Nevada (the Band) for lack of subject matter jurisdiction. We review de novo,[1] and we affirm.

The district court correctly determined that Platform 10 failed to carry its burden of establishing federal subject matter jurisdiction. *See id.*; *see also* 28 U.S.C. § 1331.[2] Platform 10's two causes of action— for breaches of contract and the covenant of good faith and fair dealing— are precisely the sort of "run-of-the-mill contract claims"[3] over which federal courts do not have jurisdiction, regardless of the presence of an Indian tribe. *See Gila River Indian Cmty. v. Henningson, Durham & Richardson*, 626 F.2d 708, 714–15 (9th Cir. 1980); *see also Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982). They were not created by federal law, nor is Platform 10's claimed right to relief dependent "on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004). The claims do not arise under federal law merely because the subject of the parties' contract was construction of a gaming facility that would itself be subject to federal regulation and oversight. *See*

---

[1] *See Newtok Village v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021).

[2] We address federal question jurisdiction only because that is the only basis for jurisdiction asserted in Platform 10's opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

[3] *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1055 (9th Cir. 1997).

*Littell v. Nakai*, 344 F.2d 486, 487–88 (9th Cir. 1965). Rather, any right to relief manifestly sounds in basic contract and tort. *See Peabody Coal Co.*, 373 F.3d at 951; *Newtok Village*, 21 F.4th at 619.

Moreover, the Band's alleged consent to federal court jurisdiction and waiver of sovereign immunity in the contract cannot confer federal jurisdiction where none otherwise exists. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *United States v. Park Place Assocs.*, 563 F.3d 907, 923 (9th Cir. 2009).

**AFFIRMED.**